## UNITED STATES v. ONE STUDEBAKER COACH, ENGINE NO. D147841, SERIAL NO. 5552923.

### No. 4124.

District Court, M. D. Pennsylvania.

May 16, 1939.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa.

Louis Shaffer, of Wilkes-Barre, Pa., for the Automobile Banking Corporation.

WATSON, District Judge.

This case is before the Court for the determination of a motion to review the taxing of costs in the above entitled case.

In June, 1937, The Studebaker Coach automobile here involved was found to contain a quantity of distilled spirits upon which no federal tax had been paid and was seized by agents of the Alcohol Tax Unit. An action was brought by the United States under the Act of Congress, found in 26 U.S.C.A. § 1441, and the automobile was forfeited to the United States. The Automobile Banking Corporation filed a petition to intervene, and, upon the forfeiture of the car, filed a petition for remission or mitigation as provided in 27 U.S.C.A. § 40a. At the hearing on the petition for remission or mitigation, the Court found that the petitioner had not made a reasonable investigation of the reputation of the person to whom it had leased the car and the petition was dismissed. Thereafter, the United States caused its costs incident to the petition for remission and mitigation to be taxed, and they were assessed against the Automobile Banking Corporation. This corporation filed exceptions to the bill of costs, and brings these exceptions before the court on a motion to review.

It is conceded by counsel for the Automobile Banking Corporation that the costs were assessed in accordance with law, and that there is no question as to their legality, the sole contention of the Corporation being that the Court should exercise the discretion vested in it and relieve the Automobile Banking Corporation of the payment of the costs. The basis of petitioner's contention is that, since it was an innocent party to the entire proceeding, it should not be burdened with costs, especially where the United States has been permitted to keep the car which was owned by the petitioner. The principal fact upon which the petitioner relies is its innocence and the Court has attempted to ascertain the meaning which petitioner attaches to this word.

The petitioner leased an automobile to a man who, at that time, had a reputation, both in his own neighborhood and among the law enforcement officers of the State and Federal Governments, for violating laws relating to liquor. The sole investigation which the petitioner made was to telephone the various credit references furnished it by the bootlegger himself. Having thus satisfied itself that it had done its duty in upholding the laws, the petitioner leased the automobile to the bootlegger and the machine was later

518

found to be carrying liquor in violation of the Internal Revenue Laws and seized. The machine was then forfeited and the costs of that proceeding paid by the United States. The costs which are now under consideration arose solely as a result of the petition for remission or mitigation in which it was found that petitioner had not made an investigation as required by law, and, therefore, could not recover the car. Thus, the petitioner furnished a known bootlegger with the means of carrying on his illegal business, and the "innocence" of the petitioner amounts to little more than furnishing this assistance without actual knowledge of the reputation of the bailee, which knowledge could have been obtained by making the inquiry required under the act authorizing his petition. I cannot feel that this is the sort of innocence which recommends itself to the "conscience" of the Court or gives rise to a "grave injustice" which must be set aright by the exercise of the discretion vested in the Court.

It must be that the United States should be reimbursed for the actual expenses incurred in defending a valid claim to the property forfeited to it in so far as those expenses are authorized by law.